## INTERNATIONAL BANK & TRUST CO. v. TOLBERT *et al.*

No. 546.  Opinion Filed July 12, 1910.  Rehearing Denied May 9, 1911.

(115 Pac. 601.)

**EXECUTORS AND ADMINISTRATORS—Foreclosure of Mortgage— Pleading.**  In a proceeding to foreclose a mortgage, or in any action asserting an original specific and absolute charge on the land, commenced in the courts of the Indian Territory prior to statehood, the plea of the statute of nonclaim is not available, nor is any affidavit of nonpayment or justness necessary.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by the International Bank & Trust Company against Lucy Tolbert and others.  Judgment for defendants, and plaintiff brings error.  Reversed and remanded.

*Seymour Riddle,* for plaintiff in error.

*George B. Denison,* for defendant in error Lucy Tolbert.

*Wm. P. Thompson,* guardian *ad litem,* for minor defendants in error.

KANE, J.  This was a suit to foreclose a trust deed, instituted in the United States Court for the Northern District of the Indian Territory, at Vinita, prior to statehood, wherein the plaintiff in error was plaintiff and the defendants in error were defendants.  The trust deed was executed by Paden Tolbert, who at the time the suit was commenced was deceased, and the defendant was made a party individually and as administratrix of the estate of Paden Tolbert.  On the 29th day of January, 1907, a motion to dismiss was filed in said cause, as follows:

"Now comes Lucy Tolbert, in her individual capacity, and Lucy Tolbert as being the administratrix of the estate of Paden Tolbert, deceased, defendant, in the above-entitled cause, and moves the court to dismiss this case, and as reasons therefor says: (1) That it appears from the pleadings in this case that this is an action to recover a judgment for a certain sum of money against the estate of Paden Tolbert, deceased, and the foreclosure of a lien

upon certain property, if certain indebtedness is not paid, and that the said Lucy Tolbert has been duly appointed as the administratrix of the said estate and is still acting as such, and that no affidavit for the authenticating of the claim against the deceased has been produced in this action against her as administratrix for the said debt, and no such affidavit has ever been made by the plaintiff or by any one representing the plaintiff, prior to the commencement of this action. (2) That there has never been presented to her, as the administratrix of the said estate, or against the said estate of Paden Tolbert, or to the court in which the probate proceedings are pending, a claim against the estate, either with or without the affidavit which the statute requires should be attached to such claim, any claim for the amount sued for in this action, or any portion of the same, or any steps of any kind whatever taken to have the said claim acted upon by the administratrix of the said estate or probated against the said estate in the court in which the probate proceedings are pending. Wherefore the said defendant asks that this action be dismissed, and that there be entered in this case a judgment of nonsuit against the plaintiff, as the law requires."

This motion was sustained by the court below, and an order entered dismissing the cause, to reverse which this proceeding in error was commenced.

The order dismissing the cause was erroneous. The trust deed was executed and a suit for its foreclosure was commenced prior to statehood. At that time the laws of Arkansas relating to the subject now under consideration were in force in the Indian Territory, and the statute under which counsel for defendants in error claim the court was authorized to dismiss the action had often been construed. In *Nicholls et al. v. Gee et al.*, 30 Ark. 135, Mr. Justice Walker, who delivered the opinion of the court, said:

"We have repeatedly held that, when suit is brought to foreclose a mortgage to satisfy a debt thus secured, no such affidavit was necessary."

Other Arkansas cases to the same effect are *Walker, Administrator, v. Byers*, 14 Ark. 246; *Sullivan v. Hadley*, 16 Ark. 129-144; *Hall v. Denckla*, 28 Ark. 506. In the last case it was held that:

"In a proceeding to foreclose a mortgage, or in any action asserting an original specific and absolute charge on the land, the plea of the statute of nonclaim is not available, nor is any affidavit of nonpayment or justness necessary."

And, further:

"The same authorities and argument which tend to show that the case is not affected by the statute of nonclaim also show that no affidavit of nonpayment and justness is necessary. Those sections of our administration laws which relate to authentication before suit brought refer alone to suits against executors and administrators, as such, to subject the general assets to the payment of debts. In the case at bar the administrator is only a necessary party because the real estate is in his possession."

On the authority of the foregoing cases, the judgment of the court below must be reversed, and the cause remanded, with directions to proceed in accordance with this opinion.

All the Justices concur.